# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HENRIETTA ROTH, ) <br> ) <br>     Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> ERIC K. SHINSEKI, SECRETARY OF ) <br> VETERANS AFFAIRS, ) <br> ) <br>     Defendant. ) | Case No. 3:12-cv-0571 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Defendant's Motion to Dismiss (Docket No. 13), to which the plaintiff has responded (Docket No. 15). For the reasons discussed herein, the defendant's motion will be granted.

## BACKGROUND

The plaintiff, Henrietta Roth, an employee of the U.S. Department of Veterans Affairs ("VA"), brings this action against Eric K. Shinseki, Secretary of Veterans Affairs, for alleged employment discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.[1] She alleges that her employer failed to promote her despite the fact that she performed duties that exceeded her government salary level and was informed by her supervisor that such a promotion would be forthcoming. (Docket No. 1 at 2-3.) Instead, two male employees, who worked in the same department and for the same supervisor,

---

[1] Unless otherwise noted, the factual allegations are drawn from the plaintiff's Complaint (Docket No. 1).

1

received promotions to a higher salary level. (*Id.* at 3.) The plaintiff further alleges that her employer retaliated against her after she complained about not receiving a promotion and told her supervisor that she would no longer perform additional duties that were not commensurate with her current salary level unless she was promoted. (*Id.* at 3-4.)

The plaintiff initiated contact with an EEO counselor at the VA's Office of Resolution Management ("VA ORM") on June 7, 2011 for informal counseling concerning her allegations of discrimination.[2] (Docket No. 14, Ex. A at 1-4.) On September 2, 2011, the VA ORM e-mailed the plaintiff a "Notice of Right to File a Discrimination Complaint," which notified the plaintiff that, if she sought to file a formal discrimination complaint ("charge of discrimination") with the VA ORM, she had to do so within 15 days of receiving the notice. (*Id.*) The plaintiff did not file a formal complaint within that time-frame.

The plaintiff's attorney later wrote to an EEO counselor at the VA ORM to inquire about the status of his client's case.[3] (Docket No. 14, Ex. B.) The EEO counselor responded to the

---

[2] In support of its motion to dismiss, the defendant has attached documents from the administrative proceedings pending before the VA ORM and the EEOC. (*See* Docket No. 14, Exs. A-I.) The court may consider these materials in the course of ruling on the pending motion, as they are central to the plaintiff's allegation that she exhausted her administrative remedies (Docket No. 1 at 1-2, 4.). *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") Moreover, the plaintiff has raised no objections to the authenticity or relevance of the aforementioned documents attached to the defendant's motion. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) ("While documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document") (citations, internal quotation marks, and alterations omitted).

[3] While that letter is dated July 12, 2011, it appears, as the defendant asserts, that the date is a typographical error. (*See* Docket No. 14 at 2, n.1; Docket No. 14, Ex. B.) Indeed, the letter references a communication with the VA ORM that occurred in September of 2011 and also contains a stamp indicating that it was received by the VA on January 5, 2012. (Docket No. 14,

plaintiff's attorney by letter on January 6, 2012 and noted that, according to the agency's records, VA ORM had yet to receive a formal charge of discrimination. (Docket No. 14, Ex. C.) The letter provided that the plaintiff's attorney could still file a formal charge of discrimination, but added that he should include an explanation as to why the charge was not timely filed within the aforementioned 15-day limitations period. (*Id.*) On January 10, 2012, the plaintiff's attorney responded to this letter, explaining that he never received the notice sent on September 2, 2011 and that, although he was unsure why, it may well have been inadvertently deleted while computers were changed at his office. (Docket No. 14, Ex. D.) The plaintiff's attorney added that he was sending a formal charge of discrimination (Docket No. 14, Ex. E) along with his letter. The VA ORM acknowledged receipt of the formal charge of discrimination by letter dated January 18, 2012. (Docket No. 14, Ex. F.)

On April 5, 2012, the VA ORM issued its "Notice of Final Agency Decision" ("FAD") regarding the plaintiff's charge. (Docket No. 14, Ex. G.) In its decision, the VA ORM noted that, although the "Notice of Right to File a Discrimination Complaint" was e-mailed to the plaintiff on September 2, 2011, she nonetheless waited to submit a formal charge of discrimination well-after the conclusion of the 15-day filing period. (*Id.* at 1.) It also found that the plaintiff's attorney's justification for failing to timely file a formal complaint did not warrant tolling the 15-day period. (*Id.*) The FAD included a notice explaining the plaintiff's appeal rights as well as her right to alternatively file a civil action in a federal district court. (*Id.* at 3.)

The plaintiff's attorney timely appealed the FAD to the Equal Employment Opportunity Commission's Office of Federal Operations ("EEOC OFO") by letter dated April 12, 2012.

---

Ex. B.) The plaintiff does not dispute the defendant's assertion in her opposition brief.

(Docket No. 14, Ex. H.) In the letter, counsel explained that the failure to timely file a formal charge of discrimination was merely a technical error, as the September 2, 2011 notice advising the plaintiff of her rights to file a formal charge was apparently lost during a computer repair. (*Id.* at 1.) He added that he sought reversal of the VA ORM's FAD so that the plaintiff could proceed to arbitration or mediation to settle her claim as opposed to bringing suit in a federal district court. (*Id.*)

However, before the EEOC OFO issued a decision on the appeal, the plaintiff filed her Title VII Complaint in this court on June 4, 2012. (Docket No. 1.) The EEOC OFO issued its decision thereafter on August 10, 2012. (Docket No. 14, Ex. I.) In its decision, the EEOC OFO reversed the VA ORM's FAD dismissing the plaintiff's charge of discrimination and remanded the plaintiff's administrative case for further processing.[4] (*Id.* at 2.) After the Summons and Complaint was served on Eric Holder, Attorney General of the United States (Docket No. 11), the United States entered an appearance in this action on behalf of the defendant (Docket No. 12). The pending motion was filed shortly thereafter on November 9, 2012. (Docket No. 13.)

## ANALYSIS

The defendant has moved for dismissal of the plaintiff's Complaint on the ground that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.**     **Standard of Review**

---

[4] The August 12, 2012 EEOC OFO decision also contained a section notifying the plaintiff of her right to commence a civil action in an appropriate federal district court. (Docket No. 14, Ex. I at 3.)

4

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II. The Defendant's Motion

The defendant contends that the plaintiff's Complaint must be dismissed because she has failed to exhaust her administrative remedies. (Docket No. 14 at 3.) Specifically, he contends that the plaintiff failed to comply with Title VII's statutory and regulatory time limitations regarding the filing of a civil action, as she initiated suit in this court only 53 days after appealing

5

the VA ORM's FAD and prior to any appellate decision by the EEOC OFO. (*Id.* at 3-4.) For her part, the plaintiff contends that dismissal is unwarranted because she proceeded in good faith throughout the administrative process. (Docket No. 15 at 2-3.) Although she raises the issue of good faith, the plaintiff does not explain precisely why she decided to prematurely file a civil action in this court.

The exhaustion of administrative remedies is not a jurisdictional prerequisite but is, instead, a condition precedent to bringing suit in federal court. *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003); *see also Hill v. Nicholson*, 383 F.App'x 503, 508 (6th Cir. 2010). In this sense, the exhaustion requirement is akin to a statute of limitations and is subject to the doctrines of waiver, estoppel, and equitable tolling. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998). Under Title VII, an employee of the federal government who has filed a charge of discrimination with a federal agency or department may initiate a civil action in one of four ways: (1) within 90 days of receiving a notice of a final action taken by a federal agency or department regarding her charge; (2) after 180 days from the filing of the charge with the federal department or agency if no final action has been taken; (3) within 90 days of receiving notice of a final action taken by the EEOC upon an appeal from a decision or order taken by a federal agency or department on the charge of discrimination; or (4) after 180 days from the filing of an appeal with the EEOC if no final action has been taken on the appeal. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. By bringing suit in this court only 53 days after filing her appeal from the VA ORM's FAD and prior to a final appellate decision by the EEOC OFO, the plaintiff failed to comply with these clearly established time limitations.

The defendant's argument for dismissal relies on the following quotation from *Chapman:* "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is

compelled to dismiss the premature action for failure to exhaust administrative remedies." 343 F.3d at 821, n.10. Setting aside the fact that this quotation appears in a footnote, its force appears to be tempered by the fact that the authority cited for the proposition, *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000), did not involve a scenario where a plaintiff prematurely filed suit in federal court. Nevertheless, in *Askew v. Stone*, 81 F.3d 160, 1996 WL 135024, at *3 (6th Cir. Mar. 25, 1996) (unpublished opinion), the Sixth Circuit decided in a factually analogous case that the plaintiff's failure to comply with Title VII's statutory and regulatory time limitations through her premature filing of a civil action warranted dismissal. In so holding, the court noted that the "[e]xhaustion of administrative remedies under Title VII requires strict compliance with the procedures and time limitations set forth in 42 U.S.C. § 200[0]e-16(c)" and 29 C.F.R. § 1614.407. *Askew*, 81 F.3d 160, 1996 WL 135024, at *3. While the court recognizes that *Askew*, being an unpublished opinion, lacks binding authority, it nonetheless finds its reasoning instructive, given its factual similarity to this case.[5] *See also Jelks v. Nicholson*, No. 3:07-0550, 2008 WL 4129410, at *1, 4-5 (M.D. Tenn. Aug. 2, 2008) (adopting Magistrate Judge's Report and Recommendation that the plaintiff's prematurely filed Title VII race discrimination claim be dismissed because it was not brought within the time limitations contained in 42 U.S.C. § 2000e-16(c) and 29 C.F.R. 1614.407).

The plaintiff cites *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986) for the proposition that all that exhaustion requires is "[g]ood faith effort by the employee to

---

[5] The court also recognizes that, in *Askew*, the Court of Appeals considered the exhaustion of administrative remedies to be a jurisdictional prerequisite. 81 F.3d 160, 1996 WL 135024, at *3. Nevertheless, the court does not believe that this distinction diminishes *Askew's* applicability to this case. Indeed, whether characterized as a jurisdictional prerequisite or a condition precedent akin to a statute of limitations, the fact remains that a plaintiff must exhaust her administrative remedies prior to commencing a civil action in a federal district court.

7

cooperate with the agency and EEOC and to provide all relevant, available information." She adds that she has done precisely that in the instant case. However, *Wade* is factually distinguishable and, in any event, in *Askew*, the Sixth Circuit rejected the plaintiff's argument that her claims should not be dismissed because she proceeded through the administrative process in good faith. 81 F.3d 160, 1996 WL 135024, at *2-3.

Accordingly, because the plaintiff has failed to exhaust her administrative remedies, the court will grant the defendant's motion and dismiss the Complaint. The only question that remains is whether this dismissal should be on the merits. It plainly appears that the 90-day filing period to bring a civil action following the issuance of the EEOC OFO's August 10, 2012 appellate decision has closed. However, given that the EEOC OFO's appellate decision reversed the VA ORM's FAD and remanded the plaintiff's administrative case for further proceedings, it appears to the court that the plaintiff still possesses an opportunity to pursue her charge of discrimination with the VA ORM. Indeed, the plaintiff has not suggested that she has withdrawn her administrative charge of discrimination or that the administrative proceedings have otherwise been closed. Presumably, after receiving a final decision from the VA ORM upon remand, the plaintiff's clock for either once again appealing that decision to the EEOC OFO or, alternatively, commencing suit in a federal district court, will begin anew. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401(a), 1614.407(a), (b). Thus, because it appears from the administrative record before the court that the plaintiff still has an opportunity to exhaust her administrative remedies, the dismissal of her Complaint will be without prejudice. *See Chapman*, 343 F.3d at 821 ("[A] dismissal for failing to meet a condition precedent is a decision on the merits only if the aggrieved party is permanently foreclosed from fulfilling the condition.").

## **CONCLUSION**

For all of the reasons discussed herein, the Defendant's Motion to Dismiss (Docket No. 13) is **GRANTED** and this case is **DISMISSED** without prejudice.

It is so Ordered.

Enter this 20th day of November 2012.

_____
ALETA A. TRAUGER
United States District Judge